68702. SAVILLE et al. v. PURVIS et al.
(322 SE2d 321)

BIRDSONG, Judge.
Summary Judgment. Augustus Saville was surgically treated by Dr. Jerry Purvis. Postoperatively, Mr. Saville experienced great difficulty with internal infection requiring further surgical procedures. He brought suit against Dr. Purvis and the treatment facility (South Georgia Medical Center) alleging medical malpractice.

Saville was represented by an attorney who practiced primarily in Birmingham, Alabama, although the attorney was a member of the Georgia Bar. A co-counsel who was a practicing member of the Bar of Georgia was associated in the case. After discovery, Dr. Purvis filed a motion for summary judgement and supported the motion with his own affidavit asserting that procedures he followed were those generally accepted by the medical profession. A second expert affidavit to the same effect was filed in support of the defendant's motion for

summary judgment. The rule nisi called for a hearing on the summary judgment on January 11, 1984. It is not disputed that the notice of hearing was received in the office of the lead attorney in Birmingham on December 7, 1983. For some unexplained reason, the lead attorney, however, did not become aware of the scheduled hearing date until the actual day of the hearing, January 11. He promptly contacted the co-counsel requesting the co-counsel to make an appearance and request a continuance. This occurred. The trial court observed ultimately in its final order that as of the date of the scheduled hearing there was no opposing evidence to the assertions of professionally appropriate medical treatment. Though the trial court granted a week's continuance, co-counsel was strictly adjured to comply with the statutory requirements pertaining to summary judgment proceedings.

On January 18 lead counsel appeared and offered on the day of the hearing an opposing affidavit which admittedly would create a conflict of fact if admitted and considered by the trial court. The court took the submitted opposing affidavit under advisement in the face of an objection that it was filed too late. The trial court concluded that the affidavit was not filed in compliance with the requirements of OCGA § 9-11-6 (d) which clearly mandate opposing affidavits to be filed not later than one day before the date of hearing unless the trial court in its discretion allows a later filing. The trial court granted summary judgment to Dr. Purvis in the absence of any counter evidence of professionally proper treatment procedures.

Mr. Saville's attorney urges numerous arguments in support of his appeal seeking a reversal of the grant of summary judgment. He argues that the trial court abused its discretion on what is at best a technical error; that as an out-of-state attorney he was not aware of the requirements of the local court; that his co-counsel and the language of the order of the court granting the one-week continuance mislead him to believe that an opposing affidavit could be filed on the day of the rescheduled hearing. *Held*:

We do not consider the local rules of courts conforming procedure to statutory requirements or the statutes promulgated by the legislature upon which the rules of civil practice and procedure are based to be "mere technical" devices which a judge can follow or disregard as the situation may appeal to him. This is not to say that a trial judge may not exercise discretion, but that discretion must be exercised within defined limitations. There may be situations where the failure to serve opposing affidavits prior to the day of hearing will result in the trial court properly refusing to allow them to be filed, as was clearly recognized in *Simmons v. State Farm Mut. Auto. Ins. Co.*, 111 Ga. App. 738 (143 SE2d 55). This simply recognizes the area of large discretion vested in the trial court. Had the trial court overruled Dr. Purvis' objection to the admission and consideration of the

counter-affidavit, we would have been required to sustain the trial court's consideration in the absence of a gross abuse of discretion. *Supreme Oil Co. v. Brock*, 129 Ga. App. 863, 864 (201 SE2d 659).

We observe that the trial court took Mr. Saville's counter-affidavit under advisement prior to exercising its discretion. The trial court noted that lead counsel had notice of the hearing as originally scheduled for over a month prior to that hearing yet had not procured counter-affidavits to the two affidavits filed by Dr. Purvis, and further that a week's continuance had been granted, with co-counsel having been expressly advised that the summary judgment statute would be followed closely. This information was communicated to lead counsel in Birmingham. Yet the counter-affidavit was not mailed nor otherwise served until the very day of the hearing as rescheduled. Admittedly the affidavit was not in compliance with the statute. Neither can it be said that the trial court did not exercise its discretion. The trial court notwithstanding a valid objection to the admission and consideration of the counter-affidavit, took the matter under advisement. Then in the exercise of its discretion, the trial court apparently found lead counsel to have been dilatory with regard to the attempted filing of the counter-affidavit even after a week's continuance for that very purpose. We can find no abuse of discretion in that refusal. *Gunter v. Nat. City Bank*, 239 Ga. 496, 497 (238 SE2d 48); *Talley v. City Tank Corp.*, 158 Ga. App. 130, 134 (2) (279 SE2d 264).

The remaining arguments submitted by appellant are without merit.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 14, 1984.

*George H. Wynn, Thomas E. Dutton*, for appellants.
*Wade H. Coleman, W. G. Elliott*, for appellees.