## 71398. BROWN v. ROWE.
(344 SE2d 245)

BENHAM, Judge.

Appellant Jane Brown appeals from the grant of summary judgment in favor of appellee Charles Vernon Rowe and further alleges as error the striking of two counter affidavits which the trial court held to be untimely filed.

Appellant purchased a house from appellee and claims that after closing the sale, she became aware of certain patent and latent defects in the foundation. Appellant brought suit against the seller on the theories of fraud and deceit and fraudulent concealment. Appellee moved for summary judgment, and partial summary judgment was granted in his favor as to alleged patent defects. The trial court took under advisement the remaining issue of latent defects. Additional discovery was initiated by both parties, and a hearing on the remaining summary judgment issues was scheduled for March 26, 1985. Appellee served notice on appellant at least 30 days prior to the time fixed for the hearing.

On March 20, 1985, appellant requested a continuance of the March 26th hearing on the basis that she had not received answers to certain interrogatories. At appellant's request, the trial court heard argument on the continuance motion on March 25, 1985, one day prior to the scheduled summary judgment hearing. Appellant was timely served with answers to the interrogatories that were to be the basis for the continuance. Appellant argued that additional time was

needed, nonetheless, to obtain further discovery from an unknown insurance agent. The trial court entered an oral order, subsequently reduced to writing, granting the motion for continuance "for the sole and express purpose of allowing plaintiff to make discovery as to the existence and identity of an insurance agent mentioned in the defendant's deposition." Appellee consented to the continuance solely for the limited purpose enunciated by the court. A new hearing date of April 12, 1985, was scheduled.

On April 10, 1985, appellee was served with the counter affidavits of the plaintiff and of a building contractor, Jerry Booker. It is undisputed that appellant was aware of the existence of Mr. Booker for at least the four preceding months. Neither affidavit related to the insurance agent, who was the alleged reason for the continuance. Two days later, the rescheduled summary judgment hearing was conducted. At the outset, appellee presented a motion to strike the two affidavits and the motion was granted. Argument was heard from both parties on the remaining summary judgment issue. At the conclusion of the hearing, summary judgment was granted in favor of appellee. Appellant appeals from that order.

1. Appellant claims that the trial court erred in striking the affidavit of Jerry Booker. The motion to strike was granted because the trial court determined that the Booker affidavit had been untimely filed in violation of the understanding previously reached between the court and the parties. The sole and express purpose in granting appellant's request for a continuance was to enable her to pursue further discovery regarding the insurance agent. That purpose was confirmed in a March 20, 1985, letter to counsel and the court. It is beyond dispute that appellant understood and agreed to the narrow terms of the continuance. It was, therefore, implicit that all additional discovery was required to be completed within the time dictates of the Civil Practice Act (OCGA § 9-11-6 (d)). " 'An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered.' [Cit.]" *Talley v. City Tank Corp.*, 158 Ga. App. 130 (2) (279 SE2d 264) (1981). It has long been our position that the trial judge has wide discretionary authority in deciding whether or not to allow opposing affidavits to be filed in the event that service is untimely. *Simmons v. State Farm &c. Ins. Co.*, 111 Ga. App. 738 (1) (143 SE2d 55) (1965); *Saville v. Purvis*, 172 Ga. App. 116, 117 (322 SE2d 321) (1984).

We conclude that the trial court properly exercised its discretion in entering an order permitting additional discovery only as to the insurance agent and then striking the affidavits which violated that order: appellant sought leave of the court for that specific purpose.

Having confirmed her understanding and acceptance of the terms of the continuance, she cannot now be permitted to subvert the agreement reached between the parties and violate the court's clear admonition that future discovery was to be strictly limited. The trial court found appellant to have been dilatory with regard to the attempted filing of the counter affidavits.

Because of the limited continuance order and under the peculiar facts of this case, we conclude that the time for filing any additional discovery, including the submission of counter affidavits, was to be controlled by the original hearing date of March 26, 1985. Therefore, appellant's counter affidavits were barred unless served by March 25, 1985. OCGA § 9-11-6 (d). We find no abuse of discretion in striking the two untimely affidavits. *Saville v. Purvis*, supra.

2. Appellant further claims that the trial court erroneously granted summary judgment in favor of appellee.

The decisive question in determining the propriety of the grant of summary judgment is whether appellee has carried the burden imposed by OCGA § 9-11-56 in showing the absence of any genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. [Cits.]" *U-Haul Co. &c. v. Dillard Paper Co.*, 169 Ga. App. 280 (312 SE2d 618) (1983).

The element of intention to deceive is necessary in an action based on concealment. Thus, in order for appellant to prevail under either theory, fraud and deceit or fraudulent concealment, it is indispensable that scienter be proved. *Lively v. Garnick*, 160 Ga. App. 591, 592 (287 SE2d 553) (1981). "[T]he buyer must prove that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect 'could not have been discovered by the buyer by the exercise of due diligence . . . and that the seller was . . . aware of the problems and did not disclose them.' [Cit.]" Id. at 593.

Appellee pierced appellant's pleadings by showing that the essential elements of fraudulent concealment were lacking in that appellee was not aware of a latent defect in the foundation. Deposition testimony disclosed that appellee knew of certain visible cracks in the brick exterior but that the cracks were discoverable to appellant had she exercised reasonable diligence to investigate and inspect. There is no basis for holding appellee liable in fraud for concealing patent defects. *U-Haul Co.*, supra at 282; *Lively*, supra at 593. The trial court correctly determined that appellee was entitled to summary judgment as a matter of law.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1986 —
REHEARING DENIED APRIL 3, 1986 — 

*Fife M. Whiteside, Charles A. Gower,* for appellant.
*William G. Scrantom III,* for appellee.