A89A1179, A89A1180. EKSTEDT v. CHARTER MEDICAL CORPORATION; and vice versa.

(384 SE2d 276)

SOGNIER, Judge.

Richard C. Ekstedt brought suit against Charter Medical Corporation, Inc. (CMC) to recover damages resulting from the confiscation of his passport in Saudi Arabia for a period of seven months, claiming it was caused by CMC's fraudulent misrepresentations to him regarding the propriety of obtaining a duplicate passport to enter Saudi Arabia. The trial court granted CMC's motion for summary judgment, and Ekstedt appeals. CMC conditions its cross-appeal of the trial court's failure to consider other grounds for granting summary judgment in its favor upon this court's reversal of the judgment below.

1. In the main appeal, Ekstedt contends the trial court erred by granting summary judgment in favor of CMC because a question of fact remains whether any alleged misrepresentations by CMC were the proximate cause of the passport confiscation. We note that although Ekstedt's complaint alleged several causes of action, he abandoned all but his cause of action for misrepresentation pursuant to OCGA § 51-6-2 before the trial court, and consequently we review the grant of summary judgment based only upon one viable cause of action.

An action for misrepresentation requires proof of five elements: " '(1) [t]hat the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.' [Cit.]" *Eckerd's Columbia v. Moore*, 155 Ga. App. 4, 5 (1) (270 SE2d

249) (1980). The record reveals that Ekstedt admitted at deposition that he did not know why his passport was confiscated, that what Ekstedt called "evidence" to support his statement that CMC's actions were the cause of his passport confiscation consisted of mere conclusions on his part, and that many possible reasons existed for the confiscation other than the duplicate passport, including but not limited to mistaken identity, the mistaken suspicion of the Saudis that Ekstedt was a spy, and an incident which had caused Ekstedt's expulsion from the country on a previous occasion. Although Ekstedt contends that CMC's pleadings and interrogatory answers constituted an admission that its representations were the proximate cause of the confiscation, the undisputed evidence of record established that no causal relationship could be shown between CMC's alleged misrepresentations and the passport confiscation.

Therefore, because Ekstedt failed to rebut CMC's showing that no proximate cause existed, we find no error in the trial court's grant of summary judgment to CMC based on its finding that CMC had pierced the allegations of Ekstedt's complaint by showing that the essential element of proximate cause was lacking between its actions and Ekstedt's detention in Saudi Arabia. See *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983).

Further, the record shows that at least two other elements necessary to sustain the cause of action were also lacking. First, Ekstedt acknowledged at deposition that CMC did not make the alleged misrepresentations with the intent of deceiving Ekstedt. Second, Ekstedt would not be entitled to rely on the alleged misrepresentations without exercising due diligence to ascertain their basis in truth, because he was knowledgeable about the dangers involved. See generally *Brown v. Rowe*, 178 Ga. App. 575, 577 (2) (344 SE2d 245) (1986). As a judgment right for any reason must be affirmed, see *Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 443 (4) (373 SE2d 217) (1988), we find no error in the trial court's grant of summary judgment in favor of CMC.

2. Ekstedt also contends the trial court erred by ruling that his recollections of statements made to him by interpreters at the time of his interrogation in Saudi Arabia, proffered in opposition to CMC's motion for summary judgment, were hearsay and thus not admissible. It is not necessary to address the factual accuracy of appellant's argument that the interpreter was the agent of CMC, making his statements admissible as an exception to the hearsay rule, since this argument was not raised below, see *Chafin v. Wesley Homes*, 186 Ga. App. 403, 405 (367 SE2d 236) (1988), and is not shown by the record. "When there is nothing in the record to support the contention of error, there is nothing presented to this court for review. [Cit.]" *Brookhaven Assoc. v. DeKalb County*, 187 Ga. App. 749, 750-751 (371

SE2d 231) (1988).

3. CMC's cross-appeal is rendered moot by our affirmance of the trial court's grant of summary judgment in its favor in the main appeal.

*Judgment affirmed in Case No. A89A1179; appeal dismissed in Case No. A89A1180. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 11, 1989.

*Frederick M. Scherma*, for appellant.

*King & Spalding, William E. Hoffmann, Jr., Diane M. Janulis*, for appellee.