A89A1263. ABERNATHY v. THE STATE.
(385 SE2d 25)

McMURRAY, Presiding Judge.

Appellant Abernathy received a citation for disregarding a traffic control device. She demanded a jury trial, was convicted and now appeals. *Held*:

1. Appellant's first enumeration of error concerns a remark made by the prosecutor during cross-examination referring to her having been stopped in Gwinnett County for improper passing. Defense counsel objected before appellant responded, and moved for a mistrial on the ground that this statement improperly introduced evidence of a similar act. The trial court sustained the objection and explained to the jury that this was an improper question which they should disregard as it had no relevance to their consideration of the case before them. The trial court further asked the jurors to indicate if any of them were unable to remove the remark from their minds and, upon receiving no such response, denied the motion for mistrial. No further ruling was invoked by appellant in regard to this motion, although a second motion for mistrial was later made based upon an alleged improper remark of the prosecutor during closing argument. " '(T)he failure to renew the motion for mistrial after the curative instructions waives the denial of the motion as an error on appeal.' [Cit.]" *Brown v. State*, 187 Ga. App. 347 (1) (370 SE2d 203) (1988). Accord *Williamson v. State*, 188 Ga. App. 307, 308 (2) (372 SE2d 685) (1988). Thus, this constitutes no ground for reversal.

2. Appellant further asserts that the trial court erred in refusing to grant a mistrial when the prosecutor improperly suggested that the

police officer would not testify at trial "and take a risk of being charged with perjury unless he was telling the truth." We do not find this argument so improper as to require a mistrial. The arresting officer and the appellant were the only witnesses in the case, and since their testimony was contradictory it became a "swearing contest" before the jury. The trial judge instructed the jury that what the attorneys said in closing argument was not evidence.

"A prosecutor is permitted to argue inferences from the evidence, even if such inferences are remote, illogical or unreasonable. [Cits.]" *Chews v. State*, 187 Ga. App. 600, 604 (4) (371 SE2d 124) (1988). The credibility of the witnesses was a matter to be determined by the jury. OCGA § 24-9-80. The probability or improbability of the police officer's testimony, as well as his interest or want of interest and personal credibility, could also properly be considered by the jury. OCGA § 24-4-4. " ' "In the absence of a demonstration that a mistrial was essential to preservation of [appellant's] right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where no curative instructions were given. (Cit.)" (Cit.)' [Cit.] We find no grounds for reversal." *Shivers v. State*, 188 Ga. App. 21, 23 (372 SE2d 2) (1988).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 14, 1989.

*Scott McLarty*, for appellant.
*Ken Stula, Solicitor, Kristopher Shepherd, Assistant Solicitor*, for appellee.

