A89A2307. SINGLETON et al. v. THE STATE.
A89A2308. CHRISTENSEN v. THE STATE.
(389 SE2d 269)

DEEN, Presiding Judge.

The Singleton brothers, Richard Wayne and Milton, appellants in Case No. A89A2307, and Ms. Christensen, appellant in Case No. A89A2308, were convicted of trafficking in cocaine and conspiracy to traffic in cocaine. All received prison terms plus fines. Christensen appeals from the judgment on the general grounds, and the Singletons enumerate a variety of errors, ranging from evidentiary insufficiency to denial of motions to suppress and for mistrial, to the court's rulings regarding the admissibility of certain evidentiary materials proffered by the prosecution and the defense.

According to evidence in the record appellant Milton Singleton and his girl friend, appellant Christensen, had accompanied one Taylor (not a party to this appeal) to Florida. Two days after arriving in Florida Milton Singleton or a member of the Singleton family telephoned Richard Wayne at the Salt Lake City home he shared with a Ms. Worthen (also not a party to this appeal) and informed him that something was wrong and he (Milton) wished to return to Salt Lake City. Wayne and Ms. Worthen then flew to Florida, and all five began driving north in an automobile rented by Taylor; there was conflicting testimony as to whether Taylor had rented a second, identical automobile before leaving the Florida motel or somewhere along the route to Cordele, Ga.

Whatever the accurate version on this point, the five arrived at a Cordele motel in two identical vehicles, and Taylor engaged three adjacent rooms. During the night Taylor was somehow shot in the hand

and required treatment of the wound. Medical personnel notified police, who commenced surveillance. Shortly thereafter they arrested Taylor, who informed them that the Singletons had five kilos of cocaine and were armed. A search conducted pursuant to a warrant revealed 5 kilos of cocaine secreted in Taylor's luggage inside a locked briefcase bearing the Singletons' fingerprints. A small amount of cocaine was found in Christensen's purse and in the room she and Milton occupied; a small quantity of marijuana was found in Worthen's purse. All five were found to be armed; semi-automatic weapons and ammunition were found in the Singletons' rooms. Taylor pled guilty to the lesser charge of possession of cocaine with intent to distribute and was given a twelve-year sentence, and Worthen pled guilty to the marijuana possession misdemeanor charge and was allowed to go free on probation. The Singletons were convicted on both counts by a Crisp County jury, and the trial court merged the convictions for sentencing purposes. The Singletons and Christensen unsuccessfully moved for new trial and have filed the instant appeals. *Held*:

1. Milton Singleton's first enumeration of error is the trial court's denial of his motion to suppress. He alleges that in his search warrant affidavit the law enforcement agent made knowing and purposeful misrepresentations by omitting certain of Taylor's statements which had been shown to be false. The record shows that, in evaluating the search warrant affidavit, the trial court expressly found that "the misstatements by Taylor during the initial interrogation were contrary to the facts as developed by the officers. When confronted with proof that his statements were false, Taylor changed his story. . . . It was not necessary to set out in the affidavit . . . every aspect of the interview [,] including obviously incorrect statements." See *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989).

Moreover, even if, *arguendo*, the omitted statements were material, suppression of the evidence would not necessarily be required under the exclusionary rule. In overruling an argument similar to that made here, this court in *Adams v. State*, 191 Ga. App. 916, 917 (383 SE2d 378) (1989), quoted from a United States Supreme Court decision: " '[A] warrant issued by a magistrate normally suffices to establish,' that a law enforcement officer has 'acted in good faith in conducting the search'. . . . In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U. S. 897, 922, 926 (104 SC 3405, 82 LE2d 677) (1984). Here, as in *Adams*, supra, there is no evidence that either the magistrate or the officer acted improperly. The trial court properly denied the motion to suppress, and the enumeration has no merit.

2. Milton Singleton next alleges that he was erroneously denied standing to challenge the search warrant. Examination of the record reveals that, although the State at one point challenged his standing, the trial court tacitly affirmed Singleton's standing by hearing his motion to suppress. Thus this enumeration of error presents no issue for the reviewing court.

3. Milton Singleton and Richard Wayne Singleton enumerate as error the sufficiency of the evidence to prove them guilty of either the trafficking in cocaine charge or that of conspiracy to traffick. In *Thomas v. State*, 255 Ga. 38 (334 SE2d 675) (1985), the Supreme Court held at 40, 41, that "[a]ll those who conspire to commit a crime are guilty of that crime," and, moreover, that "[p]arties to a crime, like conspirators, may be convicted of the commission of the crime." In the instant case it is clear that the crimes with which the appellants were charged were actually committed; the evidence further indicates, moreover, that the actions of the appellants were such as clearly to show that they were involved in the crimes and were acting in concert. The evidence was clearly sufficient to authorize the reasonable trier of fact to find appellants (Ms. Christensen as well as the Singletons) guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). These enumerations are also without merit.

4. Both Singletons enumerate as error the admission into evidence of testimony concerning the seized cocaine because, prior to the trial, the State had ordered it burned. It appears from the testimony of an official of the Columbus, Georgia Crime Laboratory that the laboratory periodically distributes to district attorneys lists of physical evidence that are more than two years old; and that, pursuant to this policy, in March 1988, the laboratory sent such a list, which was in turn transmitted to law enforcement agencies in Crisp and Dooly counties. Receiving no response concerning the cocaine seized in the instant case, the laboratory, in accordance with its usual practice, had the substance destroyed at the Macon, Georgia steam generating plant of the Georgia Power Company.

In *Sabel v. State*, 248 Ga. 10, 17 (282 SE2d 61) (1981), the Supreme Court, citing *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) (1977), established the right of a criminal defendant "on motion timely made to have an expert of his own choosing . . . [to] examine critical evidence whose nature is subject to varying expert opinion." *Sabel* reaffirmed not only the general principle enunciated in *Patterson* but also the requirement that the motion be "timely made." Id. at 17, 18. In *Patterson* the motion was not made for nearly three years and was held to be untimely; in the instant case, according to the record, no motion requesting independent analysis of the substance seized was ever made. We find this enumeration devoid of merit.

5. The Singleton brothers enumerate as error the exclusion of the testimony of one Scott Dozier, who had shared the prison cell of the Singletons and Taylor, to the effect that Dozier had heard Taylor state that the cocaine belonged to him rather than to the others. The testimony had been excluded in response to the State's objection that it was hearsay.

Appellants do not argue that the evidence Dozier would have given was anything other than hearsay, but, relying on *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979), contend that it nevertheless should have been admitted because of its exculpatory nature. In *Green*, supra, a hearsay declaration against the penal interest of a co-conspirator was held admissible during the *punishment phase* of the trial rather than, as here, during the guilt-innocence phase. One year after the *Green* decision Georgia's Supreme Court held in *Timberlake v. State*, 246 Ga. 488, 493 (271 SE2d 792) (1980), that, under *Green*, such a declaration was admissible *only* in the punishment phase of a case, and then only under certain circumstances. The fact situation of the instant case being readily distinguishable from that in *Green* (most notably, of course, in that the excluded testimony was proffered during the guilt-innocence stage of the trial), it follows that the *Green* exception to the hearsay rule is inapplicable here and that this enumeration is without merit.

6. Richard Wayne Singleton enumerates as error the denial of his motion for mistrial after a Georgia Bureau of Investigation (GBI) agent allegedly implicated him while giving evidence admissible only against co-defendant Christensen. The trial transcript shows that in replying to a question by Richard Wayne Singleton's counsel as to the exact date on which Christensen had told the agent that she had seen a quantity of cocaine, the agent replied, "Seems like it would have been the day before when they left Ft. Lauderdale." Singleton contends that the use of the plural pronoun "they" rather than "she" violated the rule of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), regarding co-defendants. The transcript reveals that, both before and after the GBI agent's testimony, there was testimony which established that all five of the persons involved had left Ft. Lauderdale together. The challenged testimony is therefore, at most, cumulative of other evidence and consequently cannot constitute reversible error. *Welch v. State*, 237 Ga. 665 (229 SE2d 390) (1976). This enumeration is also without merit.

7. In Division 3, supra, we held that the evidence was sufficient to authorize convictions for all the defendant/appellants. Ms. Christensen's enumeration of the general grounds is therefore without merit.

8. Ms. Christensen also enumerates as error the trial court's admitting into evidence her in-custody statement. The transcript reveals that the trial court conducted a *Jackson-Denno* hearing and

found that her statement was freely and voluntarily made. Such a determination will not be disturbed absent patent error. *Smith v. State*, 159 Ga. App. 20, 21 (282 SE2d 677) (1981). We find no error here and therefore hold this enumeration to be without merit.

9. The final assignment of error in these two cases is Ms. Christensen's assertion that the trial court erred in denying her motion for mistrial. The basis of the motion was the GBI agent's consulting the original of her signed in-custody statement, the actual reduction to writing having been done not by the agent who was testifying but by a different agent, who had also been present at the interview. After looking at the document, the agent who was on the witness stand proceeded to testify from his own recollection. Ms. Christensen's counsel objected on the basis of hearsay, and when the objection was overruled, moved for mistrial.

It is well settled that a witness may use a document or other object to refresh his recollection if he then proceeds to testify from his own recollection. OCGA § 24-9-69; *Bradshaw v. State*, 162 Ga. App. 750 (293 SE2d 360) (1982). This enumeration has no merit.

*Judgments affirmed. Birdsong and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1989.

*G. Russell Wright*, for appellants (case no. A89A2307).
*David E. Morgan III*, for appellant (case no. A89A2308).
*John C. Pridgen, District Attorney*, for appellee.