## A90A1569. DAY v. THE STATE.
(399 SE2d 741)

McMurray, Presiding Judge.

Bobby Lee Day was indicted and tried for the offenses of aggravated battery and burglary. He appeals from his conviction of aggravated battery.

Evidence was presented at trial showing that the Gwinnett County police were called to a residence where they found the victim shot in the eye. Several days later appellant and Michael R. Richey were arrested by the College Park police when the automobile driven by Richey crashed after attempting to elude an investigative stop. A pistol later identified as the weapon used to shoot the victim was found in the automobile in which appellant Day was a passenger. Sharon Cantrell testified that while she was talking to the victim on the telephone, she heard the voices of two other men, scuffling noises and a gunshot. She heard more scuffling and one of the men said, "Come on man let's get out of here." Appellant's sister-in-law testified that on the night of the shooting she saw three men in a pickup truck in the vicinity of the victim's residence, two of whom appeared to be appellant and Richey. She further testified that on the following day she saw appellant with a bandage on his hand and he told her he had injured his hand at work. Jimmy Johnson testified that he saw appellant on the evening of the shooting, and that appellant mentioned something about going over to the victim's house to get a gun. Appellant's hand was not bandaged when Johnson saw him. When the police arrived at the victim's house it was in disarray and victim's head was resting on some broken glass.

Richey was called as a witness for the State but testified that he shot the victim and that appellant was not with him. The State then attempted to impeach Richey by use of a prior statement he had given to police. Richey acknowledged he had previously told police that he and appellant had driven to the victim's house and gone inside; that the victim complained about their entering without knocking and pulled a pistol from his boot, which appellant snatched out of his hand; that when the victim kept yelling at him, appellant shot once into the ceiling and then shot the victim once; that he had grabbed appellant by the shirt and dragged him out of the victim's house; and, that they both got in appellant's car and appellant drove Richey home.

Appellant did not take the stand. Appellant's parents testified that he was with them at their house on the night of the shooting.

On appeal from the denial of his amended motion for new trial, appellant contends: (1) that there was insufficient evidence to corroborate Richey's testimony, as an accomplice, to sustain his conviction; (2) that the trial court erred in charging the jury on the law of parties

to a crime, as there was insufficient evidence to support such a charge; and, (3) that the prosecutor improperly argued facts in closing that were not in evidence. *Held*:

1. We find no violation of OCGA § 24-4-8. " 'Acknowledging that corroboration of the testimony by a single accomplice is necessary, . . . our courts have held that the corroborating evidence itself need not be sufficient to warrant conviction, but only tend to connect and identify defendant with (the) crime. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cits.) [Cit.] The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. (Cits.) (Cit.) [Cit.]' *Adams v. State*, 191 Ga. App. 16, 18 (381 SE2d 69) (1989)." *Cody v. State*, 195 Ga. App. 318, 319 (1) (393 SE2d 692) (1990). The evidence presented here was sufficient to corroborate the original statement made by Richey to the police implicating appellant Day, and when viewed in the light most favorable to the verdict, was sufficient for a rational trier of fact to find appellant guilty of aggravated battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harris v. State*, 165 Ga. App. 186 (299 SE2d 393) (1983).

2. Nor do we agree that the trial court improperly charged the jury on parties to a crime. The evidence introduced at trial established without dispute that an aggravated battery had in fact been committed, and in such case " 'the co-conspirators are guilty as parties to the commission of the crime under (OCGA §16-2-20).' [Cit.]" *Byram v. State*, 189 Ga. App. 627, 628 (3) (376 SE2d 909) (1988). Accord *Singleton v. State*, 193 Ga. App. 778, 780 (3) (389 SE2d 269) (1989); *Lubiano v. State*, 192 Ga. App. 272, 273-274 (1) (b) (384 SE2d 410) (1989). See also *Glover v. State*, 192 Ga. App. 798, 800 (1) (386 SE2d 699) (1989). "[W]here there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. [Cit.]" *Wiley v. State*, 192 Ga. App. 808 (2), 809 (386 SE2d 523) (1989).

3. Sharon Cantrell testified that while she was talking to the victim on the telephone she heard a woman there whom she thought to be appellant's niece, Missy Moore, and told him to slap her and get rid of her. The prosecutor argued in closing that the jury could thus infer that after the victim slapped her the niece complained to appellant Day because of their relationship, which motivated him to commit the crime. Appellant contends that Ms. Cantrell's testimony as to his relation to Missy Moore was hearsay, had no probative value, and

thus was not an established fact from which an inference could be argued by the prosecutor.

"'A prosecutor is permitted to argue inferences from the evidence even if such inferences are remote, illogical or unreasonable. (Cits.)' [Cit.] The credibility of witnesses was a matter to be determined by the jury. OCGA § 24-9-80. The probability or improbability of [Ms. Cantrell's] testimony, as well as [her] interest or want of interest and personal credibility, could also properly be considered by the jury. OCGA § 24-4-4." *Abernathy v. State*, 192 Ga. App. 355, 356 (385 SE2d 25) (1989). We conclude that the prosecutor's argument was within the bounds of the law and does not warrant reversal of appellant's conviction.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1990.

*Michael Greene*, for appellant.

*Thomas C. Lawler III*, District Attorney, *Donald L. Johstono, Debra K. Turner*, Assistant District Attorneys, for appellee.

