A92A1892. DUNBAR v. THE STATE.
(424 SE2d 43)

McMURRAY, Presiding Judge.

Defendant Dunbar appeals his conviction of the offense of armed robbery. The sole enumeration of error complains of the trial court's refusal to admit into evidence hearsay testimony concerning a jailhouse statement made by a co-indictee. *Held:*

Defendant and Meadoux were charged by indictment with the armed robbery and murder of Whitfield, and with an aggravated assault upon Robinson. The State's evidence shows that Whitfield was a drug dealer, Robinson was Whitfield's female companion, and that defendant was a purchaser of drugs from Whitfield. Defendant, ac-

companied by three companions, arrived at Robinson's and Whitfield's motel room ostensibly to deliver some money to Whitfield. Defendant's three companions sat and waited while Whitfield and defendant stepped to the back of the motel room, to the vanity or bathroom area, to conduct their business. Upon the return of Whitfield and defendant, the three individuals who had entered with defendant pulled guns, robbed Whitfield as defendant walked out of the motel room, and then shot Robinson and Whitfield.

Prior to defendant's trial, co-indictee Meadoux was tried and acquitted. At defendant's trial defense counsel sought to introduce the testimony of Payne, a former cell mate of Meadoux, that Meadoux told him that it was his original intent to rob both defendant and the man that died, and that at one point during the week he had followed defendant to rob him and decided not to because he was not sure he had anything with him. Defendant submitted that this evidence was admissible as a declaration against the penal interest of Meadoux, as the declaration of a co-conspirator under OCGA § 24-3-5, and under the rule stated in *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738). The State objected to the admission of the offered testimony since it was hearsay not admissible under any exception to the general rule excluding such evidence. The sole issue on appeal is whether the trial court erred in sustaining the State's objection to the testimony at issue.

"It is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial, *Lyon v. State*, 22 Ga. 399 (1) (1857); *Johnson v. State*, 188 Ga. 662 (1) (4 SE2d 813) (1939); *Bryant v. State*, 197 Ga. 641 (9) (30 SE2d 259) (1944), or to procure a new trial on the basis of newly discovered evidence. *Herrin v. State*, 230 Ga. 476, 478 (197 SE2d 734) (1973). In *Lyon v. State*, supra, the court reasoned that if such admissions were allowed as evidence upon the trial of the accused, a person could subvert the ends of justice by admitting the crime to others and then absenting himself." *Timberlake v. State*, 246 Ga. 488, 490 (1), 492 (271 SE2d 792). While defendant argues that we should follow the example of other states which have rejected or abandoned the reasoning expressed in *Lyon*, this overlooks the fact such is beyond the authority of this court as we are bound by the decisions of the Georgia Supreme Court.

In *Timberlake v. State*, 246 Ga. 488, supra, the Georgia Supreme Court rejected the proposition that this reasoning had been undercut by the decisions in *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) and *Green v. Georgia*, 442 U. S. 95, supra. Furthermore, under the circumstances of this case, defendant's reliance

on *Green v. Georgia*, 442 U. S. 95, supra, is not well founded since the "unique circumstances" described in *Green* are not present in the case sub judice, nor has the hearsay rule been "applied mechanistically to defeat the ends of justice." Id. "[T]his is not a death penalty case and the [S]tate has not relied on the . . . confessions by [Meadoux] to convict him." *Timberlake v. State*, supra at 493. See also *Isaacs v. State*, 259 Ga. 717, 736 (37), 737 (386 SE2d 316); *Davis v. State*, 255 Ga. 598, 604 (8) (340 SE2d 869); *Alderman v. State*, 254 Ga. 206, 209 (7) (327 SE2d 168); *Davis v. State*, 194 Ga. App. 482, 484 (2), 485 (391 SE2d 124); *Singleton v. State*, 193 Ga. App. 778, 781 (5) (389 SE2d 269).

Nor is defendant's reliance upon OCGA § 24-3-5 well placed. Under this statute the declaration of a co-conspirator during the pendency of a criminal project is admissible against all co-conspirators. However, this statute by its terms may only be used *against* a conspirator and is not a means by which a conspirator may introduce exculpatory evidence. The trial court did not err in sustaining the State's objection to the hearsay evidence.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 20, 1992 — 

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley, Ronald E. Houser*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.