## A94A2441. BALLARD v. THE STATE.
(454 SE2d 200)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with possession of cocaine, possession of less than one ounce of marijuana, improper left turn, driving without a license, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. After a bench trial, he was found guilty of possession of a firearm by a convicted felon as alleged in Count 6 of the indictment. He appeals from the judgment of conviction and sentence entered on that count. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in denying his written motion to suppress the weapon and drugs found in his possession. He argues that the traffic stop of the automobile in which he was a passenger "was made without a valid independent reason and therefore, was pretextual."

"[A] mere passenger who asserts an interest in neither the car nor the property found in it has no standing to object to the search of the automobile. *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978)." *McGhee v. State*, 253 Ga. 278, 279 (1) (319 SE2d 836). In the case sub judice, defendant " 'asserted neither a property nor a possessory interest in the automobile, nor an interest in the [weapon] seized.' [Cits.]" *Mecale v. State*, 186 Ga. App. 276, 278 (367 SE2d 52). Consequently, he held no legitimate expectation of privacy which was infringed by this traffic stop. Compare *State v. Diaz*, 191 Ga. App. 830, 831 (1), 832 (383 SE2d 195). The trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 15, 1995.

*David B. Brown,* for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney,* for appellee.

