A95A1276. POWELL et al. v. LEWIS.
(462 SE2d 460)

McMurray, Presiding Judge.

Rometta Powell brought an action against Lela Lewis, d/b/a Pro-Care Dental Services, P.C., alleging that Lewis fraudulently duped her into executing a "stockholders agreement" which diminished her rights as a debtor, stockholder and employee of Pro-Care Dental Services, P.C. ("Pro-Care"), a professional corporation "organized for the purpose of practicing the profession of Dentistry."[1] Powell claims that Lewis, president and stockholder of Pro-Care, failed to advise her upon execution of the "stockholders agreement" that the Georgia Secretary of State had administratively dissolved Pro-Care pursuant to OCGA § 14-2-1420 (2) because the corporation had failed to make timely delivery of its annual registration, together with all required fees and penalties, to the Office of the Secretary of State. Powell rea-

---

[1] It appears that Powell is a 20 percent stockholder of Pro-Care, holding 100 shares of the corporation's stock. It also appears that Powell purchased these shares from Pro-Care for $40,000, paying $10,000 in cash and financing the remaining balance through the corporation over a period of ten years. The "stockholders agreement" provides for forgiveness of this ten-year debt in exchange for Powell's accrued salary as a Pro-Care employee.

sons that this administrative dissolution resulted in a failure of consideration under the "stockholders agreement" and "$10,000.00 in actual damages because she received no payments upon liquidation of the corporation." Lewis denied the material allegations of the complaint and later moved for summary judgment, based (in part) upon undisputed proof that the Georgia Secretary of State had reinstated the corporation pursuant to OCGA § 14-2-1422 (c).

The trial court granted Lewis' motion for summary judgment. This appeal followed. *Held*:

Powell contends that genuine issues of material fact remain "as to whether there was misrepresentation by . . . Lewis."

"An action for misrepresentation requires proof of five elements, [including proof] ' "that the plaintiff sustained the alleged loss and damage as the proximate result of [the fraudulent representations]." (Cit.)' *Eckerd's Columbia v. Moore*, 155 Ga. App. 4, 5 (1) (270 SE2d 249) (1980)." *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248 (1) (384 SE2d 276) (1989). In the case sub judice, there is no proof that Powell was injured as a result of Lewis' alleged cover-up of Pro-Care's administrative dissolution. On the contrary, it appears to be undisputed that Pro-Care never ceased doing business as a result of the administrative dissolution; that Pro-Care has been properly reinstated as a Georgia professional corporation and that Powell remains a primary shareholder of the corporation. In fact, there appears to be little (if any) chance that adverse consequences ensued as a result of the administrative dissolution because Pro-Care's reinstatement under OCGA § 14-2-1422 (c) means that the corporation will continue to function "as if the administrative dissolution had never occurred." OCGA § 14-2-1422 (d). Consequently, since there is no proof that Powell was actually injured as a result of Lewis' alleged cover-up of Pro-Care's administrative dissolution, the trial court did not err in granting summary judgment in favor of Lewis. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 21, 1995.

*Richard A. Coleman*, for appellants.
*Angela C. Chadwick*, for appellee.