A95A2180. CAPERS v. THE STATE.
(470 SE2d 887)

RUFFIN, Judge.

Reginald Leonard Capers was convicted of trafficking in cocaine in violation of OCGA § 16-13-31 (a) (1) (A). He appeals the judgment

of conviction and sentence following the denial of his motion for new trial. For the reasons which follow, we affirm.

The evidence at trial revealed the following. This case arose after police officers stopped a car driven by Capers' co-defendant, Jerry Whitley, for failure to maintain his lane. Capers was a passenger in the car. When one of the officers leaned down to ask for the vehicle registration papers, he noticed rolling papers and what appeared to be marijuana seeds on the console between the seats. Whitley consented orally and in writing to the officer's request to search the car. Inside a closed gym bag behind the driver's seat, the officers discovered a clear plastic sandwich bag filled with 2.4 ounces of 86 percent pure cocaine. They also found a pair of size 11½ Nike shoes and various toiletries in the gym bag, including a pair of hair clippers. The officers then arrested Capers and Whitley and advised them of their rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Shortly thereafter, an officer asked Capers whether the cocaine was for his personal use or to sell, and Capers responded that it was for his personal use and he had a habit. At trial, three officers testified to this statement, but Capers denied making it.

Initially, one attorney represented both defendants. However, when the attorney learned that the co-defendants' defenses conflicted because each claimed the gym bag belonged to the other, he withdrew his representation of Whitley. Trial counsel then filed an unopposed motion to sever based on the fact that he had interviewed Whitley as a potential client. At trial, the State called Whitley as a witness. The State subsequently filed a motion for nolle prosequi on Whitley's behalf based on the evidence at Capers' trial and the insufficiency of the evidence against Whitley.

After Capers' conviction, he obtained new counsel who raised the issue of ineffectiveness in a motion for new trial. After a hearing on the matter, the trial court determined that Capers' trial counsel was not ineffective.

1. Capers argues that his counsel was ineffective for failing to (a) move to suppress the cocaine evidence upon the mistaken belief that Capers lacked standing; (b) reserve exceptions to the jury charges on parties to a crime and expert witnesses; (c) request a charge relating to Capers' custodial statements; (d) obtain certified copies of Whitley's prior drug convictions; (e) invoke the rule of sequestration at the hearing under *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964); (f) object to testimony about Capers' prior marijuana conviction; (g) object to testimony about the consent to search under the best evidence rule; (h) investigate the case and interview

the arresting officers; and (i) adequately prepare Capers for trial.[1]

A defendant bears the burden of establishing that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). The trial court's finding of effectiveness must be upheld unless clearly erroneous. *Powell v. State*, 210 Ga. App. 409, 414 (6) (c) (437 SE2d 598) (1993). A reviewing court need not address both components of an ineffective assistance of counsel claim if the appellant makes an insufficient showing of one. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989). The following demonstrates that Capers failed to establish a claim of ineffective assistance of counsel.

(a) Passengers who assert no interest in a car or the property in it lack standing to object to a search of the vehicle. *Ballard v. State*, 216 Ga. App. 315 (454 SE2d 200) (1995). The record shows that Capers denied having an interest in the car. Despite his inculpatory statement shortly after his arrest (which he subsequently recanted), Capers' defense turned on his denial of any interest in the gym bag or its contents. Compare *State v. Corley*, 201 Ga. App. 320, 321-322 (411 SE2d 324) (1991). Thus, counsel's performance was not deficient for failing to move on Capers' behalf to suppress the items seized in the search.

(b) Counsel was not deficient in failing to reserve his objection to a jury charge on parties to a crime because the evidence was sufficient to support the charge. *Day v. State*, 197 Ga. App. 875, 876 (2) (399 SE2d 741) (1990). To justify the charge some evidence that both Capers and Whitley "were concerned in the commission" of the alleged crime was required. *Crumpton v. State*, 213 Ga. App. 358, 361 (3) (444 SE2d 847) (1994). The evidence that both Capers and Whitley were co-defendants charged with the same offense, admitted prior involvement with controlled substances and denied any interest in the drugs satisfied this requirement.

In addition, because neither party called an expert witness, no evidence supported this charge. Thus, counsel's failure to object to the charge on experts was error. *Day*, 197 Ga. App. at 876 (2). However, the charge stated that "the testimony of an expert, like that of any other witness, is to be received by you and given such weight only as you think it is properly entitled to receive. You are not bound or

---

[1] We observe with disappointment that the State's woefully inadequate brief fails to respond to most of these problematic issues. The people have not been well served by the State's languid efforts.

precluded by the opinion testimony of any witness, expert or otherwise." We fail to find a reasonable probability that but for this charge, the trial's outcome would have been different. See *Jones v. State*, 263 Ga. 835, 837 (2) (439 SE2d 645) (1994).

(c) Capers failed to point to any evidence supporting a charge on *Miranda* and custodial statements. *Day*, 197 Ga. App. at 876 (2). In the *Jackson v. Denno* hearing and at trial, neither Capers nor his counsel asserted that the incriminating statements were involuntary. On the contrary, they flatly denied that Capers made them. Thus, counsel's failure to request the charge was not deficient.

(d) Capers failed to demonstrate any prejudice arising from counsel's failure to obtain certified copies of Whitley's prior drug convictions. During cross-examination, Whitley admitted to previous drug-related arrests and a conviction, and we fail to find a reasonable probability that but for the absence of the certified copies, the trial would have had a different result.

(e) Counsel's failure to invoke the rule of sequestration at the *Jackson v. Denno* hearing resulted in Officers Rabien and Chapel hearing each other testify that Capers admitted the cocaine was for his personal use and that he had a habit. At trial, Officers Rabien, Chapel, and Bishop each testified that Capers made these inculpatory statements. Capers provided no evidence that Bishop attended the hearing. Furthermore, Rabien testified first at the hearing; therefore, his statement was untainted by Chapel's testimony. In light of the testimony Bishop and Whitley provided, we find no reasonable probability that the result would have been different if counsel had invoked the rule of sequestration or neither Rabien nor Chapel testified at trial.

(f) Capers argues that counsel was ineffective for failing to object and move for a mistrial when a police officer testified about Capers' prior marijuana conviction after successfully moving in limine to exclude this evidence. Because Capers failed to provide record citations to the admission of the evidence at issue or the motion in limine, we need not consider this issue. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 732 (8) (389 SE2d 251) (1989) (it is not the function of an appellate court to cull the record on behalf of a party); see Court of Appeals Rule 27 (c) (3) (i). Assuming nevertheless that the testimony was limited to an officer's reference to Capers' post-arrest admission of a prior misdemeanor marijuana conviction, we believe that, in light of the other properly admitted inculpatory evidence, the admission of the prior conviction testimony did not affect the trial's outcome, though failing to object was clearly deficient. Compare *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983) (setting out the criteria for proper admission of other crimes evidence).

(g) In light of the evidence, Capers has failed to demonstrate a

reasonable probability that, but for counsel's failure to assert a best evidence rule objection to testimony about Whitley's consent to search the car, the trial's result would have been different.

(h) Capers has not established that his counsel failed to investigate the case and interview the arresting officers. The record shows that counsel filed discovery motions, studied the State's file, and received access to the State's physical evidence, although counsel was unsure whether he had interviewed all of the arresting officers. Thus, the record fails to demonstrate that counsel failed to adequately prepare for trial. Compare *Cochran v. State*, 262 Ga. 106, 107 (2), n. 2 (414 SE2d 211) (1992).

(i) The record likewise fails to establish that trial counsel was ineffective in preparing Capers for trial by keeping Capers ignorant of the basic legal issues in his case and the purpose of the hearings or his testimony. Although Capers claims counsel spent no more than one hour preparing him for trial, counsel testified that he met and corresponded with Capers multiple times. In any event, the amount of time counsel spent with Capers is not determinative of whether counsel rendered ineffective assistance. *Easter v. Estelle*, 609 F2d 756, 759 (5th Cir. 1980). The record shows that counsel informed Capers about standing to file a motion to suppress and conflict of interest, reviewed the State's file with Capers, and discussed with Capers the factual basis for the charge. We fail to see a reasonable probability that but for counsel's failure to discuss the case further with Capers, the trial's outcome would have been different.

Although counsel's representation may have been less than desirable, Capers failed to satisfy his burden of affirmatively showing by the record the *Strickland* criteria for ineffectiveness. *Jacobson v. State*, 201 Ga. App. 749, 753 (5) (d) (412 SE2d 859) (1991).

2. Capers argues that the conflict of interest arising from trial counsel's dual representation of him and Whitley rendered his counsel ineffective. Specifically, Capers contends that (1) counsel's cross-examination of Whitley was inadequate due to the conflict and (2) the severance of his trial from Whitley's impaired his defense.

To establish ineffective assistance of counsel based upon conflict of interest, defendants must prove that their counsel " 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.' "[2] *Strickland*, 466 U. S. at 692; *Barnes v. State*, 160 Ga. App. 232, 233 (286 SE2d 519) (1981). "Single representation of multiple defendants raises no per se presumption of conflict of interest or prejudice. [Cit.]" *Hamilton v.*

---

[2] This rule applies in Georgia when the defendant raised no objection at trial. *Blasengame v. State*, 187 Ga. App. 501 (1), 502 (370 SE2d 797) (1988); compare *Mitchell v. State*, 261 Ga. 347 (2) (405 SE2d 38) (1991).

*State,* 255 Ga. 468, 470 (2) (339 SE2d 707) (1986). " ' "A mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence." ' [Cits.]" *Dill v. State,* 193 Ga. App. 213, 214 (387 SE2d 424) (1989).

The record does not support the contention that counsel actively represented conflicting interests in this case after he withdrew his representation of Whitley. It reveals that counsel met twice with Whitley, who never retained him. At the time of trial, the relationship between counsel and Whitley had been completely severed. " ' "(A)ctive representation of conflicting interests" connotes more than merely cross-examining a former client. . . .' [Cit.]" *Weeks v. State,* 190 Ga. App. 373 (1), 374 (378 SE2d 895) (1989).

Capers likewise failed to demonstrate that an actual conflict of interest adversely affected his lawyer's performance. The record fails to support Capers' argument that counsel's prior representation of Whitley prevented a thorough cross-examination of Whitley about his ownership of the gym bag. During cross-examination, Whitley referred to exculpatory statements he allegedly made while in counsel's office, which counsel denied hearing. Immediately thereafter, outside the jury's presence, the court expressed concern about counsel's former relationship with Whitley, observing that Whitley's statements put counsel in "sort of a defensive position." Whitley was then instructed not to refer to anything he and counsel had previously discussed.

The record is unclear as to whether counsel received privileged information from Whitley. Even if he did, however, that fact is not dispositive because Capers failed to demonstrate that his counsel's prior relationship with Whitley limited the cross-examination or his counsel's loyalty was divided. In fact, counsel vigorously cross-examined Whitley about his ownership of the shoes, the hair clippers in the gym bag, and his prior drug convictions. Although counsel admitted that the prior relationship prevented him from asking whether Whitley had told counsel the bag was his, counsel subsequently testified that he lacked sufficient information to impeach Whitley about their previous conversations and could not say that Whitley admitted the gym bag was his. This evidence is not sufficient to establish that the defense was actually impaired by counsel's prior representation of Whitley.

Capers also failed to demonstrate that his defense was actually impaired by the severance of his trial. Nothing prevented Whitley from offering the identical testimony incriminating Capers at a joint trial.

Furthermore, with regard to Capers' contention that counsel was ineffective for failure to move for mistrial after the jury learned of counsel's prior representation of Whitley during Whitley's cross-ex-

amination, Capers failed to provide argument or legal authority. Consequently, we deem that issue abandoned. Court of Appeals Rule 27 (c) (2).

3. Capers argues that the trial court erred in granting Whitley's unopposed motion to sever which was based solely on conflict of interest.

OCGA § 17-8-4 grants courts the discretion to try two or more jointly indicted defendants in noncapital cases jointly or separately. Because Whitley's statements clearly incriminated Capers, severance was not an abuse of discretion. *Baugher v. State*, 212 Ga. App. 7, 10 (1) (a) (440 SE2d 768) (1994) (relying on *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968)).

4. Capers argues that he was denied due process because the jury was not informed of the State's intention to move for nolle prosequi on Whitley's behalf after Whitley testified.

The record clearly shows that no agreement to seek nolle prosequi existed between Whitley and the State at trial. Therefore, no disclosure was possible, much less required. See *Giglio v. United States*, 405 U. S. 150, 153 (92 SC 763, 31 LE2d 104) (1972).

5. Capers argues that the evidence is insufficient to support his conviction.

The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). On appeal, defendants no longer enjoy a presumption of innocence. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994). The pertinent elements of trafficking in cocaine are knowing possession of twenty-eight grams or more of cocaine or of any mixture with a purity of ten percent or more of cocaine. OCGA § 16-13-31 (a) (1) (A).

Whitley testified that the gym bag belonged to Capers. Officers Bishop, Rabien, and Chapel each testified that Capers admitted to possessing the cocaine. Officer Bishop testified that the cocaine seized was 86 percent pure and weighed 68.4 grams. This evidence was sufficient to support the conviction beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Capers provides citations to the record which clarify the errors involved in the admission of evidence of his prior marijuana conviction after the court granted his motion in limine to exclude it. We did not substantively address the admission of this character evidence in the opinion because Capers' argument on

the issue failed to provide citations to the record. See Division 1 (f). Although Capers cited to the trial record on two pages in the fact section of his 50-page brief, these references to the record were inadequate. Court of Appeals Rule 27 (c) (3) (i) requires that each enumerated error be supported in the brief by specific reference to the record. See Court of Appeals Rule 27 (c) (2).

Having nevertheless reviewed the record, we find it clearly demonstrates trial counsel's deficiency. For example, the record shows that the State, after agreeing to the exclusion of the prior conviction, deliberately asked its first witness about Capers' prior conviction. Capers' trial counsel not only failed to object or move for mistrial, but actually questioned a police witness on the issue himself. The admission of this prejudicial evidence of bad character would have been a valid ground for a mistrial had trial counsel made such a motion, because the State directly and intentionally elicited the excluded evidence from the State's first witness and the only conceivable purpose for admitting the evidence was to suggest to the jury that Capers was guilty of the offense charged because of his bad character. *Perry v. State*, 154 Ga. App. 559, 560-561 (2) (269 SE2d 63) (1980); see *Bryant v. State*, 204 Ga. App. 856, 857 (3), 860 (420 SE2d 801) (1992).

However, the three police officers' trial testimony that Capers admitted to them at the time of his arrest that the cocaine was for his own personal use and he had a habit forecloses a finding of ineffectiveness despite the fact that no physical evidence linked Capers to the cocaine. We cannot conclude that there was a reasonable probability that the result of the trial would have been different but for the admission of the evidence of Capers' prior marijuana conviction. *Strickland v. Washington*, 466 U. S. 668, 692 (104 SC 2052, 80 LE2d 674) (1984).

*Motion for reconsideration denied.*

DECIDED FEBRUARY 16, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996 —

*Phyllis Miller*, for appellant.
*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney*, for appellee.