## A09A1895. DENNIS v. THE STATE.
### (693 SE2d 825)

SMITH, Presiding Judge.

James Henry Dennis appeals from his forgery conviction and contends in his sole enumeration of error that the trial court erred by excluding evidence of a statement made by his co-defendant, Daniel Denmore. We find no merit in this contention and affirm.

The record shows that Dennis cashed a check written to him on the account of his female roommate, who testified that she never wrote or signed the check. Before deciding whether he would testify, Dennis sought a ruling from the trial court on the admissibility of a statement made by his absent co-defendant, Denmore. Specifically, Dennis sought to testify that Denmore told Dennis that the female roommate had changed her mind about paying him and pointed out a check on the kitchen counter written to Dennis. Dennis's counsel asserted the statement was admissible under the conspirator excep-

---

458

tion to the hearsay rule. The State asserted a hearsay objection, and the trial court requested authority from Dennis's counsel on the conspirator exception to the hearsay rule. After a discussion of only this exception to the hearsay rule, the trial court found that Denmore's statements were inadmissible hearsay.

On appeal, Dennis asserts that the trial court erred because the statement was admissible both as original evidence to explain his conduct and under the conspirator exception to the hearsay rule.

1. We cannot consider Dennis's claim that the statement was admissible as original evidence to explain his conduct pursuant to OCGA § 24-3-2 because he did not make this argument at the time he sought to admit the statement or at any other time during the trial. See *Overby v. State*, 237 Ga. App. 730, 732 (2) (b) (516 SE2d 585) (1999) (declining to consider State's argument that necessity exception to hearsay rule applied because trial court was never asked to consider this theory of admissibility); *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248, 249 (2) (384 SE2d 276) (1989) (refusing to consider necessity exception to hearsay rule as ground for admission of testimony because necessity argument was not raised below). Because we are a court of review, "[g]rounds for reversal which may be considered on appeal are limited to those which were argued before the trial court." *Orr v. State*, 209 Ga. App. 832, 833 (434 SE2d 723) (1993).

2. We find no merit in Dennis's claim that the conspirator exception to the hearsay rule (OCGA § 24-3-5) applies because this exception may only be used to admit statements "*against* a conspirator and is not a means by which a conspirator may introduce exculpatory evidence." *Dunbar v. State*, 205 Ga. App. 867, 869 (424 SE2d 43) (1992). See also *Wilson v. State*, 271 Ga. 811, 814 (4) (525 SE2d 339) (1999), overruled on other grounds, *O'Kelley v. State*, 284 Ga. 758, 768 (3) (670 SE2d 388) (2008).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED FEBRUARY 3, 2010 — RECONSIDERATIONS DENIED APRIL 7, 2010 AND JULY 29, 2010 —

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.