44142. WILSON et al. v. THE STATE.
(359 SE2d 661)

SMITH, Justice.

Charles Winfield Wilson and James Daniel Voyles were indicted for armed robbery, burglary, and aggravated assault. An attorney was appointed to represent both of them at trial. Due to some unusual circumstances, that were not caused by the defendants' counsel, the pre-trial motions were not heard until after the jury had been struck. The attorney appointed to represent both defendants made an oral motion to withdraw as counsel for one of the defendants due to a conflict of interest. The trial court denied the motion prior to the commencement of the trial and again after the state rested its case. The trial court also denied the motion for new trial based in part on the assertion that the motions should have been granted. The Court of Appeals affirmed the lower court's decision in *Wilson v. State* and *Voyles v. State,* 180 Ga. App. 825 (350 SE2d 807) (1986). We granted the appellant's writ of certiorari, and we reverse.

The assistance of counsel that is guaranteed by the Sixth Amendment contemplates that the assistance "be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." *Glasser v. United States,* 315 U. S. 60, 70 (62 SC 457, 86 LE 680) (1942). "Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler v. Sullivan,* 446 U. S. 335, 346 (100 SC 1708, 64 LE2d

333) (1980).

As the court in *Holloway v. Arkansas,* 435 U. S. 475, 488 (98 SC 1173, 55 LE2d 426) (1978), noted, "since the decision in *Glasser,* most courts have held that an attorney's request for the appointment of separate counsel, based on his representations as an officer of the court regarding a conflict of interests, should be granted . . . . [The] 'attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial.' . . . [D]efense attorneys have the obligation, upon discovering a conflict of interests, to advise the court at once of the problem . . . . Finally, attorneys are officers of the court, and ' "when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." ' . . . . We find these considerations persuasive." Id. at 485-486. "[W]henever a trial court improperly requires joint representation over timely objection reversal is automatic." *Holloway v. Arkansas,* supra at 488. We find that the court improperly required joint representation in this case despite the timely objection of counsel, thus, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Shriver & Earl, Mark O. Shriver IV, Cook & Palmour, Bobby Lee Cook, James F. Wyatt III,* for appellants.

*Roger G. Queen, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.