## A90A1127. WILSON v. THE STATE.
(397 SE2d 59)

BIRDSONG, Judge.

Willie L. Wilson appeals his conviction for sodomy. He asserts the general grounds, and also contends that the trial court erred by allowing him to represent himself and that he was denied the effective assistance of counsel. *Held*:

1. Wilson's first two enumerations of error assert that the verdict is contrary to the evidence and justice, and that the verdict is against the weight of the evidence. The record shows that the victim unhesitatingly identified Wilson as the person who sexually assaulted him, the victim's testimony was corroborated by fresh complaint, by items found at the scene of the crime, by physical injuries to the victim, and by the testimony of other witnesses. Although Wilson denied committing the offense, it is the jury's function to weigh the evidence and to judge credibility. Appellate courts only determine whether the evidence is sufficient for a reasonable trier of fact to have rationally found proof of guilt beyond a reasonable doubt. *Banks v. State*, 185 Ga. App. 851, 853 (366 SE2d 228). Viewing the evidence in the light most favorable to the verdict (*Watts v. State*, 186 Ga. App. 358 (366 SE2d 849)), there was "ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that [Wilson] was guilty of [sodomy]." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, Wilson's first and second enumerations of error are without merit.

2. Wilson's third enumeration of error contends that the trial court erred by not properly advising Wilson of the "perils and pitfalls" of representing himself, by failing to specifically find that Wilson "validly" chose to represent himself, and find that Wilson "knowingly and intelligently" chose to represent himself after he had been informed of his right to counsel. Review of the record shows that counsel was appointed to represent Wilson, but at the start of the trial Wilson notified the court that he wanted another counsel appointed because he was dissatisfied with his appointed counsel. When the trial court refused to appoint other counsel, Wilson elected to represent himself. The record also shows that before permitting Wilson to represent himself the trial court advised Wilson that the trial court could not help Wilson try his case; that the defense would be entirely up to Wilson; that Wilson was going to have to follow the rules of court, follow the law of evidence; and conduct an orderly trial. Moreover, the trial court directed appointed counsel to remain in court and

be available to assist and advise Wilson if he wanted assistance.

The failure to make affirmative findings in the exact language of *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) is not reversible error (*Singleton v. State*, 176 Ga. App. 733 (337 SE2d 350)), and each case must be decided on "its own peculiar facts and circumstance." *Callahan v. State*, 175 Ga. App. 303, 304 (333 SE2d 179). The record shows that Wilson chose to represent himself after he had been made aware of his right to counsel, had counsel appointed, and fired his appointed counsel. Further, the record shows that the trial court advised Wilson of the dangers associated with representing himself. See *Callahan v. State*, supra. Accordingly, there was no error. *Evans v. State*, 192 Ga. App. 832, 833 (386 SE2d 712); *Williams v. State*, 192 Ga. App. 317, 318 (384 SE2d 877). Compare *Black v. State*, 194 Ga. App. 660 (391 SE2d 432).

3. Wilson also alleges that he was denied the effective assistance of counsel because his appointed counsel did not subpoena certain defense witnesses before he was discharged. Review of the transcript shows that these witnesses were police officers to whom the victim allegedly complained, but according to Wilson only after the victim was questioned about shoplifting.

We cannot consider this issue since Wilson was apparently aware of this matter before he fired his appointed counsel, yet he announced ready for trial, apparently made no effort to secure these witnesses, and made no request for a continuance to secure these witnesses before the trial began. Indeed, even when this matter was brought to the attention of the trial court, Wilson did not request a delay until the witnesses could be subpoenaed, and apparently did not attempt to secure the witnesses. Further, the record shows that after raising the failure of appointed counsel to subpoena the witnesses, Wilson acquiesced in the trial court's direction to question the witnesses on the stand and not to argue about what some other witness would testify. Thereafter Wilson never again raised the subject of the missing witnesses. Under these circumstances, Wilson waived any issue concerning his appointed counsel's failure to subpoena these witnesses (*Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536)). Moreover, by his conduct, Wilson induced any error by his failure to bring the matter to the attention of the trial court before the trial began. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d 864). Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 6, 1990.

*Gary E. Byrd, Robert G. Jones III*, for appellant.
*Douglas C. Pullen, District Attorney, Lew S. Barrow, Assistant*

*District Attorney*, for appellee.