## S91A0452. MITCHELL v. THE STATE.
(405 SE2d 38)

BELL, Justice.

Mitchell was convicted of the malice murder and felony murder of Jerry Butler and the aggravated assault of Tina Daniel. He was also convicted of burglary, and possession of a firearm by a convicted felon.[1] On appeal Mitchell contends that he was deprived of effective assistance of counsel when the state called as a witness against him a person who was also represented by Mitchell's lawyer; that Mitchell was denied his right to cross-examine that witness because of his attorney's conflict of interest stemming from his representation of the witness; and that the court erred in failing to instruct the jury on the law of voluntary manslaughter. We reverse.

1. The evidence would have authorized the jury to conclude that Mitchell was upset over the relationship of his former girl friend, Tina Daniel, with the victim, Jerry Butler, and went to Tina Daniel's house and shot Jerry Butler in the chest with a shotgun. We conclude that the evidence was sufficient to satisfy the requirements of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error Mitchell contends that he was

---

[1] The crimes occurred on June 20, 1989, and Mitchell was indicted on September 5, 1989. A jury found him guilty on November 10, 1989, and Mitchell was sentenced on January 10, 1990. Mitchell was sentenced to life in prison for malice murder, but no sentence was imposed for felony murder. Mitchell received a 15-year sentence for burglary, to run consecutive to the life sentence for murder; a 15-year sentence for aggravated assault, to run consecutive to the burglary sentence; and a five-year sentence for possession of a firearm, to run concurrent to the other sentences. Mitchell filed a motion for new trial on January 10, 1990. The court reporter certified the transcript on May 26, 1990. Mitchell amended his motion for new trial on July 17, 1990. The trial court denied Mitchell's motion, as amended, on November 5, 1990. Mitchell filed his notice of appeal on November 29, 1990, and the appeal was docketed in this Court on January 2, 1991. The case was submitted for decision without oral arguments on February 15, 1991.

denied effective assistance of counsel because his counsel was also representing a state's witness, Ira Underwood. We agree and reverse on this ground.

On the morning of the second day of Mitchell's trial, the state served defense counsel with a list of witnesses that included, for the first time, Ira Underwood's name. Later that day, the state called Underwood to testify. At that point defense counsel objected that he was representing Underwood in an unrelated pending criminal matter, that he had obtained information from Underwood that was privileged, and that if Underwood testified, defense counsel would have to forego cross-examination. Defense counsel also stated that even before he was appointed to represent Underwood in the unrelated pending criminal case, he had had several communications with Underwood that were made in confidence, and that he was not entitled to reveal them. Defense counsel did not specify what proceedings these latter communications related to.

The court offered to relieve defense counsel as counsel for Underwood in the pending prosecution. Defense counsel then stated that the privileged communications he had had with Underwood placed him in an ethical dilemma even if the court relieved him of representing Underwood on the pending matter.

Before Underwood testified the judge informed Underwood of defense counsel's conflict in representing Underwood and Mitchell, and the judge relieved defense counsel of representing Underwood in Underwood's pending prosecution. Defense counsel objected to this procedure, and moved for a mistrial. The court denied defense counsel's motion.

Underwood then took the stand and testified that, while he and Mitchell were in jail, Mitchell told him that Mitchell: obtained a shotgun; went to Daniel's house; entered the house through an open window; walked down a hallway to a room where Mitchell, Daniel, and her brother were watching television; and jumped into the room and shot Butler.

After Underwood's testimony, defense counsel declined to cross-examine Underwood, and moved for a mistrial again. Defense counsel stated that he could not cross-examine Underwood, and that Mitchell was therefore being denied effective assistance of counsel. Defense counsel moved for a mistrial or in the alternative for a continuance until such time as another attorney could be appointed to represent Mitchell. The trial court denied defense counsel's motion.

Defense counsel then concluded by stating that he and another member of his office had talked to Ira Underwood about many matters, including but not limited to the pending charges against Underwood. He stated that information he had regarding Underwood would have been valuable to Mitchell, but that he did not feel he could re-

veal any of this information.

After trial Mitchell obtained new counsel, who filed a motion for new trial. In that motion Mitchell contended that he was denied effective assistance of counsel based upon the conflict arising from defense counsel's representation of Mitchell and Underwood. At the hearing on the motion for new trial, no new critical information was raised regarding defense counsel's alleged conflict. The trial court subsequently denied Mitchell's motion for new trial.

In *Wilson v. State*, 257 Ga. 352 (359 SE2d 661) (1987), we set forth the rules that govern in determining whether a defendant has been denied effective assistance of counsel by defense counsel's alleged conflict of interest arising from joint representation of co-defendants.

> The assistance of counsel that is guaranteed by the Sixth Amendment contemplates that the assistance "be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." *Glasser v. United States*, 315 U. S. 60, 70 (62 SC 457, 86 LE 680) (1942). "Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." *Cuyler v. Sullivan*, 446 U. S. 335, 346 (100 SC 1708, 64 LE2d 333) (1980).

> As the court in *Holloway v. Arkansas*, 435 U. S. 475, 488 (98 SC 1173, 55 LE2d 426) (1978), noted,

> "since the decision in *Glasser*, most courts have held that an attorney's request for the appointment of separate counsel, based on his representations as an officer of the court regarding a conflict of interests, should be granted. . . . [The] 'attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial.' . . . [D]efense attorneys have the obligation, upon discovering a conflict of interests, to advise the court at once of the problem . . . Finally, attorneys are officers of the court, and ' "when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." ' .... We find these considerations persuasive." Id. at 485-486. "[W]henever a trial court improperly requires joint representation over timely objection reversal is automatic." *Holloway v. Arkansas*, supra at 488. We find that the court improperly required joint repre-

sentation in this case despite the timely objection of counsel, thus, we reverse. [*Wilson,* supra, 257 Ga. at 352-353.]

Although *Wilson* and the cases discussed therein involved alleged conflicts arising from joint representation, the rules apply with equal force to alleged conflicts arising from defense counsel's representation of a prosecution witness in unrelated matters. See LaFave & Israel, Criminal Procedure, Vol. 2, § 11.9 (1984); Lowenthal, Successive Representation By Criminal Lawyers, 93 Yale L.J. 1, 40-41 (1983); *Leversen v. Superior Court of Orange County,* 668 P2d 755, 758-760 (1-4) (Cal. 1983).

In the instant case, defense counsel's statements to the trial court established the conflicting loyalties facing defense counsel. We conclude the trial court erred in requiring defense counsel to proceed with his representation of Mitchell, and we therefore reverse.

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED JUNE 21, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr.,* for appellant.
*Ralph H. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.