S94A1513. MEYERS v. THE STATE.
(454 SE2d 490)

HUNT, Chief Justice.

Aaron Meyers was convicted of felony murder, aggravated assault and armed robbery.[1] He appeals, claiming ineffective assistance of

---

[1] The crimes occurred on June 28, 1989. Aaron Meyers was found guilty of felony murder, aggravated assault, and armed robbery on June 26, 1990, and sentenced to life in prison and two terms of twenty years, sentences to run concurrently. Meyers's motion for new trial was filed on April 23, 1993, amended on July 26, 1993, and denied on December 20, 1993. Meyers filed his notice of appeal in this Court on December 20, 1993. The appeal was docketed on June 30, 1994, and argued on October 18, 1994.

counsel, and we reverse.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Though he raised no objection at trial, Meyers argues on appeal that he did not receive effective assistance of counsel because his attorney's joint representation of himself and his brother constituted a conflict of interest. Under the peculiar facts of this case, we agree.

In order to prevail on a claim of ineffective assistance of counsel due to a conflict of interest on the part of his trial counsel, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his attorney's performance. *Cuyler v. Sullivan*, 446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333) (1980). In a case of joint representation of conflicting interests, the evil is in what the advocate is compelled to *refrain* from doing. *Holloway v. Arkansas*, 435 U. S. 475, 490 (98 SC 1173, 55 LE2d 426) (1978). Thus, a failure on the part of counsel to pursue an alternative defense theory that is more favorable to one defendant but which would have prejudiced a co-defendant by shifting blame to him may well give rise to an actual conflict of interest. *United States v. Mers*, 701 F2d 1321, 1330-1331 (11th Cir. 1983).

Aaron Meyers and his brother and co-defendant, Arthur Meyers, are twins. Both were indicted for malice murder, felony murder, aggravated assault and armed robbery. Aaron was convicted of felony murder, aggravated assault and armed robbery, while Arthur was acquitted of all charges. One of the victims, an employee at the pawn shop who was wounded in the armed robbery, testified that when she arrived at work, Aaron and Arthur, along with co-defendant Alvino Cooper,[2] were sitting in front of the shop, and that one of the twins asked her for the time. When asked at trial to indicate which of the twins had asked the time, the victim indicated that she could not tell the brothers apart and later explained to the judge that she did not know which of the two had been sitting next to Cooper because she did not "know the difference between those two." She went on to testify that Cooper and one of the twins later entered the shop, shot and killed a fellow employee, shot and wounded her, and robbed the store.

Moving for a directed verdict at the close of the state's evidence, counsel for the Meyers twins argued that since only one of his clients had been in the store, the other one of his clients was obviously not in the store and that a directed verdict of acquittal was proper with re-

---

[2] Cooper did the actual shooting, killing one victim and wounding the other. He was tried separately. See *Cooper v. State*, 260 Ga. 549 (397 SE2d 705) (1990).

gard to that client. The trial court did not and could not grant the motion, since it lay with the jury to determine the facts, but the argument made by defense counsel illustrates the conflict of interest which faced him.

At trial, the testimony of the brothers was virtually identical. However, statements previously given to police by the brothers had differed as to the source of the weapon used in the commission of the crimes. Aaron stated that a gun which belonged to his mother had been taken by Cooper before the crime and had not been returned to him until sometime after the robbery. Arthur told police that Aaron had taken his mother's gun on the morning before the robbery and had given it to Cooper, and this statement was introduced into evidence by the state on its cross-examination of Arthur. This difference in the brothers' testimony makes clear the conflict of interest counsel faced in representing both brothers. On the one hand, counsel harmed Aaron by putting Arthur on the stand since he was aware of the inconsistent statement that was damaging to Aaron and was also aware that he could not attack or impeach Arthur's testimony since he represented him as well. On the other hand, had counsel decided, because of his knowledge of the prior incriminating statement, not to put Arthur on the stand, he might well have prejudiced Arthur and caused Arthur rather than Aaron to be convicted on all charges. In this case the actual conflict of interest is apparent as is the fact that the conflict adversely affected counsel's performance in defending his client, Aaron; accordingly, the conviction must be reversed.

3. Our disposition of the claim of ineffective assistance of counsel renders consideration of Meyers's remaining enumerations of error unnecessary.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*William S. Richardson, Megan C. De Vorsey*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Mary Beth Westmoreland, Senior Assistant Attorneys General, Paige R. Whitaker, Assistant Attorney General*, for appellee.