## S96A0982. LAMB v. THE STATE.
### (472 SE2d 683)

THOMPSON, Justice.

Although we affirmed defendant's conviction for felony murder and possession of a firearm during the commission of a crime, *Lamb v. State*, 263 Ga. 118 (428 SE2d 349) (1993), we remanded for a hearing and findings on defendant's claims that he received ineffective assistance of both trial and appellate counsel. Following the hearing, the trial court concluded that the representation of defendant did not fall below an objective standard of reasonableness. Defendant appeals, asserting, primarily, that both his trial counsel and his appellate counsel were ineffective because they were not "conflict free."

The indictment charged defendant, his brother, and Bobby Boysworth, Jr., with malice murder, felony murder and possession of a firearm during the commission of a crime. Danny L. Durham was appointed to represent defendant at trial, and another attorney was appointed to represent defendant's brother.[1] Durham had been retained by defendant's brother to represent him on an unrelated aggravated assault charge. Richard Ingram, an associate in Durham's firm, had been retained by defendant's brother to represent him on unrelated drug charges. Durham's and Ingram's representation of defendant's brother ended approximately six months before this case was brought to trial. However, it appears that Durham represented defendant and defendant's brother, and Ingram also represented defendant's brother, while charges were pending against defendant.

Durham testified on remand that he could not foresee a potential conflict resulting from his or Ingram's representation of defendant's brother because the charges were unrelated, and the brothers were of one mind in their approach to this case. Accordingly, Durham did not discuss any potential conflict with defendant; and he did not inform defendant that he might wish to obtain other counsel.

After conviction, Charles R. Sheppard was appointed to represent defendant on appeal. Soon thereafter, Sheppard accepted a position in the office of the district attorney prosecuting this case. Sheppard mailed his appellate brief the day before he started working in the district attorney's office. Another attorney was subsequently appointed to represent defendant on appeal and, after this Court rendered its decision, that attorney filed a motion for reconsideration raising, inter alia, ineffective assistance of counsel issues.

1. In *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC 1708, 64 LE2d

---

[1] Defendant's brother subsequently retained other counsel to represent him.

333) (1980), the Supreme Court considered the problem of an attorney's ineffectiveness due to conflict of interest in the representation of multiple defendants and ruled that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Id. at 348. The court added that "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." Id. at 349-350. Nevertheless, the conflict must be palpable and have a substantial basis in fact. A theoretical or speculative conflict will not impugn a conviction which is supported by competent evidence. *Hamilton v. State*, 255 Ga. 468, 470 (339 SE2d 707) (1986). The test is whether the representation deprived either defendant of the undivided loyalty of counsel, i.e., did counsel slight one defendant to favor the other? *Davis v. State*, 129 Ga. App. 796, 799 (201 SE2d 345) (1973).

Although Durham and Ingram simultaneously represented defendant and his brother, neither client was deprived of the undivided loyalty of trial counsel. After all, the brothers presented a unified defense. Defendant did not attempt to inculpate his brother, and his brother did not attempt to inculpate him. Compare *Meyers v. State*, 265 Ga. 149 (454 SE2d 490) (1995) with *Barnes v. State*, 160 Ga. App. 232 (286 SE2d 519) (1981). Thus, defendant has failed to demonstrate an actual conflict on the part of trial counsel.[2]

Likewise, defendant has failed to demonstrate an actual conflict on the part of appellate counsel. Defendant's claim that Sheppard was not "conflict free" because he sought employment in the district attorney's office cannot withstand scrutiny because there is no assertion that Sheppard's representation was deficient in any respect. An actual conflict does not arise simply because an attorney seeks employment with an adversary's firm. See generally *Smith v. Phillips*, 455 U. S. 209 (102 SC 940, 71 LE2d 78) (1982) (new trial not required simply because juror sought employment as investigator in district attorney's office).

Certainly, a conflict of interest would arise if a defense attorney were to "switch sides" and prosecute his former client. Compare *Frazier v. State*, 257 Ga. 690, 693 (9) (362 SE2d 351) (1987) with *Davenport v. State*, 157 Ga. App. 704 (1) (278 SE2d 440) (1981). But that is not what happened here. Sheppard simply left private practice to go

---

[2] We recognize that Durham's representation of the brothers was not joint. Nevertheless, we have analyzed this case as if it were because conflicts can arise from the simultaneous representation of defendants in unrelated matters. See *Mitchell v. State*, 261 Ga. 347, 350 (405 SE2d 38) (1991) (conflicts can arise from defense counsel's representation of prosecution witness in unrelated matters).

to work in the district attorney's office. He did not represent the state on appeal. Absent evidence that Sheppard curbed or repressed his representation of defendant in order to curry favor with his prospective employer, it cannot be said that an actual conflict of interest affected Sheppard's performance as appellate counsel. See *Cuyler v. Sullivan*, supra; *Hamilton v. State*, supra.

2. Defendant also asserts that Durham was ineffective because he told the jury during opening statement that defendant intended to give the victim a "good old-fashioned whipping." Defendant claims that by that comment Durham conceded the element of intent for the underlying felony of aggravated assault, and paved the path for a felony murder conviction.

However, Durham explained that he made the statement to show the jury that defendant did not harbor a specific intent to kill and that, at most, defendant only intended to commit a misdemeanor. In so doing, Durham added that he hoped to "minimize" a statement defendant had given to the police and to lead the jury away from finding either malice murder or felony murder.

It is clear that Durham's comment was the product of a strategic decision which was made in the exercise of reasonable professional judgment. *Bentley v. State*, 262 Ga. 801 (2) (426 SE2d 364) (1993); *Ferrell v. State*, 261 Ga. 115, 120 (401 SE2d 741) (1991). Although others might have pursued a different strategy, Durham's comment did not fall below an objective standard of reasonableness. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Kidwell v. State*, 264 Ga. 427, 432-433 (444 SE2d 789) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 15, 1996.

*David V. Weber*, for appellant.
*Daniel J. Craig, District Attorney, William C. Davison, Assistant District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General*, for appellee.