## S99A1698. JACKSON v. THE STATE.
(523 SE2d 871)

FLETCHER, Presiding Justice.

Vann A. Jackson filed a motion to withdraw his guilty plea after being sentenced to life imprisonment for the malice murder of Lisa Watson.[1] He contends that he was denied effective assistance of counsel due to a conflict of interest and that the trial court failed to determine whether his plea was freely and voluntarily entered and whether there was a factual basis for the plea. Because the trial court properly ruled that trial counsel was not ineffective and that the defendant knowingly, voluntarily, and intelligently entered the guilty plea after being fully informed of his rights, we affirm.

1. Jackson contends that he was denied effective assistance of counsel under the Sixth Amendment because his lawyer's partner had been related by marriage to the victim's mother and represented her in the probate of the victim's estate. That representation was completed prior to trial counsel's appointment to represent the

---

[3] See *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[1] The stabbing occurred on May 14, 1998. Jackson was indicted on August 4, 1998, and pled guilty on February 23, 1999. Jackson filed a motion for a new trial and motion to withdraw a guilty plea on March 23, 1999, which were denied on July 7, 1999. Jackson filed a notice of appeal on July 22, 1999. The case was docketed in the clerk's office on August 13, 1999, and submitted for decision without oral arguments on October 4, 1999.

defendant and was disclosed to Jackson, who expressed satisfaction with his attorney's performance during the plea hearing.

To establish a violation of the Sixth Amendment, a defendant who does not object at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance or the defendant's decision to plead guilty.[2] We have found an actual conflict where the same attorney represented co-defendants who had given conflicting statements to police about who obtained the murder weapon from their mother,[3] when the same attorney negotiated a plea bargain on behalf of three co-defendants conditioned on all three pleading guilty to the crime,[4] and when defense counsel also represented a prosecution witness in an unrelated criminal matter.[5] In these cases, we found that the attorney's conflict affected his performance at trial or the defendant's decision to enter a guilty plea.

In contrast, we have found no inherent conflict of interest when trial counsel represented a co-defendant on an unrelated charge that was resolved six months prior to trial and the co-defendants presented a united defense,[6] appellate counsel accepted a position in the district attorney's office during his representation of the defendant,[7] and trial counsel was employed simultaneously as defense counsel in superior court and as part-time city attorney.[8] In these cases, the defendant failed to explain how the multiple representation or affiliation adversely affected his attorney's performance.[9] Similarly, Jackson has not shown in this case how his attorney's conflict caused divided loyalties, compromised his attorney's representation of him, or influenced his decision to plead guilty. Without any showing of an adverse effect, the trial court did not err in concluding that Jackson was afforded effective assistance of counsel.

2. For a guilty plea to be valid, the record must show that the

---

[2] See *Cuyler v. Sullivan*, 446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333) (1980); *Tarwater v. State*, 259 Ga. 516 (383 SE2d 883) (1989).

[3] *Meyers v. State*, 265 Ga. 149, 151 (454 SE2d 490) (1995).

[4] See *Tarwater*, 259 Ga. at 519.

[5] See *Mitchell v. State*, 261 Ga. 347, 348-350 (405 SE2d 38) (1991) (defense counsel objected at trial to conflict because he had obtained privileged information from the witness in the unrelated criminal matter); see also *Sallie v. State*, 269 Ga. 446 (499 SE2d 897) (1998) (reversing murder conviction based on attorney's dual role as defense attorney and law clerk in the same court).

[6] See *Lamb v. State*, 267 Ga. 41 (472 SE2d 683) (1996).

[7] Id. at 42.

[8] See *Wharton v. Thomas*, 256 Ga. 76 (343 SE2d 694) (1986); see also *Thompson v. State*, 254 Ga. 393, 396 (330 SE2d 348) (1985) (holding that partner of part-time state court solicitor was not automatically disqualified from representing criminal defendants in superior court).

[9] See *Fogarty v. State*, 270 Ga. 609, 611 (513 SE2d 493) (1999) (explaining that the focus in the usual conflict of interest claim is on the adequacy of counsel's performance).

defendant understood and intelligently entered the plea.[10] Uniform Superior Court Rule 33 sets out the procedure for accepting a plea of guilty. The trial judge must determine that the plea is voluntary, the defendant understands the nature of the charges, and there is a factual basis for the plea and must also inform the defendant of the rights waived by entering a guilty plea, the terms of a negotiated plea, and the possible sentence on the charge.[11]

In this case, the record shows that the trial judge determined the factual basis for the plea and the defendant's knowing and voluntary entry of the plea. At the plea hearing, the assistant district attorney stated that Jackson entered the home of Watson, found her with a male companion, stabbed her several times with a knife, and killed her. Jackson admitted that those allegations were true and that he was guilty. The trial judge further determined that Jackson was 32 years of age, had a ninth grade education, could read and write, understood the charges and sentence, and wanted to enter the plea of guilty. When specifically asked whether any promises, agreements, or threats had been made, other than the agreement to dismiss other charges, Jackson said that none had been made. He named the medications that he was taking, but said that they did not affect his ability to understand or communicate with people. Based on this record, we conclude that the trial court did not err in determining that Jackson made a knowing, voluntary, and intelligent plea of guilty.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

*Allen & Forehand, Jon V. Forehand,* for appellant.
*J. David Miller, District Attorney, James E. Hardy, Charles M. Stines, Wesley J. Lewis, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.

---

[10] *Boykin v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).
[11] See Unif. Sup. Ct. R. 33.7-33.9.