[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1071

UNITED STATES,

Appellee,

v.

EMILSON MUÑOZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Lynch, Circuit Judge and
DiClerico, District Judge.*

---

Rafael F. Castro Lang on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, on brief for appellee.

---

**December 3, 2001**

---

_____

*Of the District of New Hampshire, sitting by designation.

**Per Curiam**. Emilson Muñoz ("Muñoz") appeals from his conviction by guilty plea for possession with intent to distribute heroin, claiming that he was denied his Sixth Amendment right to conflict-free counsel. The alleged conflict stems from the fact that Muñoz and his co-defendant Sandra Mercado-González ("Mercado-González") were both represented by the Federal Public Defender's Office, though different attorneys in the office handled their respective cases. We conclude that the conviction should be vacated.

## I.

On March 23, 2000, a federal grand jury returned a two count indictment charging Muñoz and Mercado-González with aiding and abetting each other in importing approximately 3,814 grams of heroin, see 21 U.S.C. § 952(a); 18 U.S.C. § 2 (count one), and with aiding and abetting each other in possessing with intent to distribute the same amount of heroin, see 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2 (count two). The court appointed an Assistant Federal Public Defender to represent Mercado-González. A private attorney was appointed to represent Muñoz. Mercado-González and Muñoz both entered pleas of not guilty.

On June 9, 2000, co-defendant Mercado-González pled guilty to count two. Muñoz was also scheduled to plead guilty, but his change of plea hearing was cancelled. Shortly thereafter, counsel for Muñoz filed a motion to withdraw citing irreconcilable differences with his client. The motion to withdraw was allowed, and the court appointed a different Assistant Federal Public Defender to represent Muñoz. A trial date was set for August 3, 2000.

On July 18, 2000, the Federal Public Defender's Office moved to withdraw as counsel for Muñoz alleging a conflict of interest in the office's joint representation of Muñoz and co-defendant Mercado-González. The motion stated that Mercado-González had provided information to the government detrimental to the interests of Muñoz, namely, that Muñoz had hired Mercado-González to act as a drug courier. The motion also stated that Mercado-González had expressed a willingness to cooperate with the government, and that, although the government had indicated that it had no present intent to call her as a trial witness, Mercado-González remained a potential witness against Muñoz. The Federal Public Defender's Office represented that the prosecutor shared its concerns about a conflict of interest.

On July 21, 2000, the district judge denied the motion to withdraw by margin order without hearing. The order stated that "[a]s long as Sandra Mercado is not a witness in this case, the alleged conflict is too tenuous to require discharging the FPD from representing E. Muñoz." Following the denial of the motion to withdraw, Muñoz pled guilty to count two of the indictment. On October 17, 2000, Mercado-González was sentenced to imprisonment for twelve months and one day followed by a supervised release term of four years. On November 13, 2000, Muñoz was sentenced to seventy months imprisonment followed by a supervised release term of five years.

## II.

The first question is whether the district judge had a duty to make inquiry into the alleged conflict over and above the inquiry he made. We conclude that he did. There was more than just a question here of whether the two defendants could be represented by the same federal public defender office. Both sides had asserted a potential conflict of interest, namely, the fact that Mercado-González was willing to cooperate and had provided information detrimental to the interests of Muñoz.

The district judge seemingly thought that the concerns raised were answered by the fact that the government did not intend to call Mercado-González as a trial witness. However, the import of the Federal Public Defender's explanation was also that Mercado-González was in a position to provide testimony that might be useful at sentencing and that might work to Muñoz's disadvantage and her own advantage. Obviously, a single lawyer could not properly represent both defendants under these circumstances.

We do not have to consider now whether an artificial separation within the Federal Public Defender's Office could have eliminated the possibility of a conflict. No such suggestion was made here, and the issue is not before us. While joint representation by the same office is not as potentially dangerous as joint representation by a single attorney, the fact remains that the two defendants in this case were in antagonistic positions, that neither case had been completely resolved, that client confidential information may have been disclosed within the office, and that either defendant was in a position to gain an advantage by turning on the other, possibly at trial, and, if not, at

sentencing. Perhaps the apparent conflict could have been resolved with an inquiry, but an inquiry was required.

### III.

The second question is what to do now that we have found a substantial possibility of a conflict and a failure on the part of the district judge to make adequate inquiry. The law in this area may be open to different interpretations.

Holloway v. Arkansas, 435 U.S. 475, 484-91 (1978), seems to say that a reversal is required, at least where one counsel represents several defendants, whenever there was a timely conflict objection and a failure to make adequate inquiry. While such a ruling was arguably unnecessary in Holloway since there was an actual conflict manifest in the record, the case has sometimes been read as establishing a rule of automatic reversal. See, e.g., Selsor v. Kaiser, 22 F.3d 1029, 1033 (10th Cir. 1994) ("Under the Holloway standard, the trial court's failure to appoint separate counsel, or adequately inquire into the possibility of conflict, in the face of a timely objection by defense counsel, demonstrates ineffective assistance of counsel without a showing of actual conflict of interest."). But see Garcia v. Bunnell, 33 F.3d 1193, 1198 (9th Cir. 1994)

-6-

(stating that even on the assumption that defendant timely objected, Holloway did not require a reversal since there was no actual conflict).

By contrast, Cuyler v. Sullivan, 446 U.S. 335 (1980), establishes a much more demanding test where there was no conflict objection and the trial court was under no duty to make inquiry. Under these circumstances, a defendant must demonstrate that "an actual conflict of interest adversely affected his lawyer's performance" in order to establish a Sixth Amendment violation. Cuyler, 446 U.S. at 348. However, if the defendant meets this test, he need not demonstrate prejudice to obtain relief. Id. at 349-50.

It can be argued that Wood v. Georgia, 450 U.S. 261 (1981), modified Holloway because in Wood the Court failed to make inquiry into a possible conflict of interest, even though the conflict issue had been raised by the State, and the Court instead of vacating the conviction remanded for a finding of whether there was an actual conflict. See Wood, 450 U.S. at 272-73; Mountjoy v. Warden, 245 F.3d 31, 38 (1st Cir. 2001). We note that Wood involved an objection to a possible conflict raised by the prosecutor, while Holloway involved the assertion of a conflict made by defense

-7-

counsel.  It can further be argued that if, on remand, it can be established that no actual conflict existed, a defendant should not be entitled to vacation of his conviction--at least in the absence of some showing that the failure to make inquiry otherwise prejudiced him.

We have concluded that we do not need to resolve the question whether <u>Wood</u> modified <u>Holloway</u>.  The government has done nothing to argue the point other than to suggest that it would not oppose a remand or any other remedy that this court deems proper.  The defendant is asking that the conviction be vacated.  We do not see much prospect that a remand to explore the conflict issue would be likely to result in a finding of no actual conflict, dissipate the uncertainty whether defendant's guilty plea was in some way affected by counsel's perception that he was operating under a conflict of interest, or dispel the inference that at least some communication occurred between Mercado-González's attorney and Muñoz's.  Finally, this is a case where the government has direct evidence and is hardly likely to be prejudiced by a need to present the evidence afresh.

Accordingly, <u>we vacate the conviction and sentence, set aside the guilty plea, and remand the case for further proceedings consistent with this opinion</u>.