## A01A2157. ARNOLD v. THE STATE.
### (559 SE2d 131)

MILLER, Judge.

Jessie Arnold was convicted of aggravated assault, rape, and several other offenses. On appeal he contends that (1) his trial counsel was ineffective, (2) the trial court erred by failing to provide him a lawyer outside of the Houston County Public Defender's office, and (3) the trial court erred by failing to disqualify the Houston County District Attorney's office from prosecuting this case. We discern no error and affirm.

For the first two months of this case, Arnold was represented by Gerald Henderson of the Houston County Public Defender's office. Arnold was not satisfied with the representation and filed a complaint against Henderson with the State Bar. Arnold also filed a complaint against Henderson's supervisor, although the supervisor had never represented Arnold. Arnold then moved for the court to allow him to proceed pro se in this case.

---

The trial judge strongly advised Arnold that he should not represent himself and warned him at length about the possible ramifications of proceeding pro se. Henderson also advised Arnold that he should not represent himself. The judge further warned Arnold that if he chose to proceed pro se, he may not be able to get an attorney later on if he changed his mind about representing himself. Arnold maintained that he knew what he was doing and insisted on representing himself. The judge then issued an order allowing Henderson to withdraw from the case so that Arnold could proceed pro se.

Arnold represented himself for the next five months, but two weeks before trial the court appointed new counsel from the Houston County Public Defender's office. The new counsel turned out to be Henderson's supervisor, the one against whom Arnold had previously filed the State Bar complaint. Arnold's new counsel informed the court about the State Bar complaint and explained that she had discussed the issue with Arnold and had no problem representing him. Arnold also informed the court that he had no problem being represented by this new attorney.

Two days before Arnold's trial, Henderson left the Houston County Public Defender's office and went to work for the Houston County District Attorney's office. Henderson did not discuss his prior representation of Arnold with anyone at the district attorney's office. He worked in the juvenile division of the district attorney's office and had no further involvement in Arnold's case.

Following Arnold's convictions, a third attorney for Arnold filed a motion for new trial in which he argued the same grounds that he asserts on appeal. The trial court denied the motion.

1. Arnold argues that his trial counsel was ineffective because she had only two weeks to prepare for trial. However, since Arnold's own actions, and not those of his attorney, led to any alleged ineffective assistance here, we find this contention to be without merit.

To prove ineffective assistance, Arnold was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense.[1] The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous.[2] Evidence supported the trial court's finding that Arnold did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

Despite warnings from his original counsel and the trial judge, Arnold insisted on representing himself. He was also warned that he might not be able to obtain new counsel prior to trial. Had Arnold not

[1] *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[2] *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

insisted on representing himself and then reversing course ten days prior to trial, his trial counsel would have had more time to prepare. Any alleged ineffective assistance in this case was not the fault of the attorney, but Arnold, and his contention of ineffective assistance is therefore without merit.[3]

2. Arnold further contends that the trial court erred by appointing new counsel against whom Arnold had previously filed a State Bar complaint. We disagree.

"A party cannot submit to a ruling or acquiesce to it . . . , then complain about the ruling on appeal."[4] Arnold filed the State Bar complaint against his new counsel and then consented to her representing him. Any alleged error in the trial court's appointment of this counsel was induced by Arnold's own actions, and he will not be heard to complain of such error here.[5]

3. Arnold further contends that the trial court erred by failing to disqualify the Houston County District Attorney's office from prosecuting this case in light of Henderson's move to that office two days before Arnold's trial. We disagree.

A conflict of interest that would warrant the disqualification of the prosecutor's office may arise where the prosecutor has previously represented the defendant with respect to the charged offense.[6] However, unlike in the private sector where no partner or associate of a firm may represent a client with whom any of the other attorneys have a conflict of interest,[7] an entire government office is not necessarily disqualified from a case due to the conflict of an individual attorney.[8] Vicarious disqualification of a government department is neither necessary nor wise, and we instead look to the individual attorney to screen for any direct or indirect participation in the case.[9] Since the evidence in this case reveals that Henderson did not participate in this case in any way following his departure from the public defender's office, the trial court did not err by allowing the Houston County District Attorney's office to prosecute the case.[10]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

---

[3] See, e.g., *Gordon v. State*, 252 Ga. App. 133, 135-137 (2) (555 SE2d 793) (2001) (refusing to find ineffective assistance based on defendant's own induced error); *Wilson v. State*, 196 Ga. App. 787, 788 (3) (397 SE2d 59) (1990).

[4] (Citation omitted.) *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997).

[5] See *Hathaway v. State*, 241 Ga. App. 790 (1) (527 SE2d 894) (2000) ("One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.") (punctuation and footnote omitted).

[6] *Billings v. State*, 212 Ga. App. 125, 128-129 (4) (441 SE2d 262) (1994).

[7] Id. at 129 (4).

[8] Id. at 128-129 (4).

[9] Id. at 129 (4).

[10] Id.

DECIDED JANUARY 22, 2002.

*Grantham & Peterson, William M. Peterson*, for appellant.
*Kelly R. Burke, District Attorney*, for appellee.